## EXCHANGE AND DEPOSIT BANK *v.* SWEPSON.

1. CODE CONSTRUED. *Sec.* 1944*a.* *Usury.* *What not.* Under sec. 1944*a* of the Code, a verbal contract for interest at ten per cent per annum is invalid, not because of illegality, but because it cannot be enforced unless stipulated for in a written obligation.

2. SAME. *Sec.* 1944*d.* The taking of interest in excess of the rate allowed under sec. 1944*a* constitutes an indictable offense, but a verbal promise to pay the rate allowed thereby does not.

3. EVIDENCE. *Variance between declaration and proof.* *When not material.* Where the variance between the declaration and proof consists in proving more than is alleged, if the matter superfluously proven is innocent in itself, and does not contradict any essential allegation, the variance is not material.

4. SAME. *Same.* *Same.* In a suit to recover money deposited in a bank, payable on demand, the proof showed, though the declaration did not aver, a verbal promise by the cashier at the time of the deposit to pay ten per cent interest on the same. The plaintiff seeking to recover the sum actually deposited and not the interest. *Held,* that he was entitled to relief.

---

### FROM KNOX.

---

Appeal in error from the Circuit Court of Knox county. E. T. HALL. J.

BAXTER for the bank.

TAYLOR for Swepson.

DEADERICK, C. J., delivered the opinion of the court.

This is an action brought by Swepson against the Exchange and Deposit Bank to recover $3,000 deposited by him in said bank.

The declaration contained three counts, and the defendant's demurrer was sustained as to the second and

third counts, and issue taken on the first count, and notices of special defenses filed.

The declaration, in its first count, alleges that the plaintiff deposited to his own credit $3,000, and that the bank had refused to pay it to plaintiff or to his order; that the plaintiff had drawn his check for the amount of his deposit, and the defendant refusing to pay on demand made, the same was thereupon protested.

The defenses insisted on in argument are—1. That there was a special contract between the plaintiff and defendant, on which the plaintiff should have declared. 2. That the contract, upon which the action is based, is forbidden by statute, and is contrary to public policy, and is void.

The evidence shows that the deposit was made October 20, 1873, and that at the time of making the deposit, the cashier of the bank verbally promised to pay ten per cent per annum as interest on the deposit. And the argument here is, that this verbal promise to pay ten per cent interest was a part of the contract and should have been set out in the declaration. And if it had been stated, it would have shown an usurious contract, void upon its face, and the plaintiff could not have maintained his action for the deposit.

This argument is, we think, founded upon erroneous construction of the contract, and of the act of 1869–70, Code, secs. 1944 a to 1944 d inclusive.

It appears also in the evidence that the defendant, after the lapse of more than a year from the date of

the deposit, paid $300 as the year's interest on it, and then promised to pay the. $3,000 (the principal) in a short time. In September, 1875, sometime after this promise to pay was made, the plaintiff drew for the $3,000. The payment of this check was refused, and within two months thereafter this suit was begun.

It is certainly true, that in actions upon contracts the entire consideration, and the entire act to be done for such consideration, must be stated in the declaration, and the proof must correspond with these averments: 1 Gr. Ev., sec. 66. And, as example of variance under this rule between the allegations and proof, it is said, "if the allegation be of an absolute contract, and the proof be of a contract in the alternative at the option of the defendant; as, where a promise is alleged to deliver merchantable goods, and the proof be of a promise to deliver goods of second quality, &c.—in these and like cases the variance would be fatal." *Ib.*

In the examples given, the variance between the allegations and the proof are substantial and material.

In this case the declaration alleges, for the consideration of a deposit of $3,000 with defendant, it promised to pay him $3,000, and seeks no recovery upon the additional promise to pay 10 per cent interest on the deposit.

And in the next section of Greenleaf on Evidence to that already cited, he says: "There is a material distinction between the redundancy in the allegation and redundancy in the proof. In the former case a variance between the allegations and proof will be

fatal if the redundant allegations are descriptive of that which is essential. But in the latter case "re-dundancy cannot vitiate because more is proved than is alleged, unless the matter superfluously proved contradicts essential allegations." And, as an illustration of this rule, says: "If the plaintiff alleges that for $100 the defendant promised to go to Rome, and the proof shows that he also promised to deliver a horse to the plaintiff, the proof of this latter promise would not deprive him of his right to recover on the former promise." 1 Gr. Ev., sec. 67.

It is argued that the sections of the Code cited make the verbal promise to pay 10 per cent interest indictable, and that, therefore, that being a part of the promise to pay, it cannot be enforced. Section 1944 *a* makes it lawful to contract for any rate of interest not to exceed 10 per cent, provided it is so stipulated in the written obligation. The next section leaves the rate of interest at six per cent, unless otherwise agreed upon in writing. The next section makes a contract for a higher rate than ten per cent operate as a release for all interest in excess of six per cent, and if paid may be sued for. And the next section makes a violation of sec. 1944*a* usury and indictable. We think the offense made indictable is the taking of more interest than ten per cent, and not the verbal agreement to take ten per cent. Such an agreement is invalid under the law, and cannot be enforced; but it is invalid not because such an agreement is illegal, but because a party can only be bound to its performance by written obligation. The

statute expressly recognizes and establishes the legality and validity of such agreement if entered into in writing; but it does not mean that a parol agreement to take ten per cent interest shall be punished as a crime. It was an agreement to do what the law allowed to be done, but which could only be done, so as to bind the party promising, by written obligation. The promise, therefore, did not bind the defendant, and it was not necessary to allege it in the declaration; and proof of such promise does not affect the plaintiff's right to recover the $3,000 deposited. Defendant's promises were to pay the $3,000, and also to pay ten per cent interest on that sum, and the plaintiff cannot be held to have no right to recover the $3,000 because, by reason of the promise to pay ten per cent interest on that sum not having been put in writing, he cannot in law enforce its payment. The one promise is binding, the other is not, for the reason before stated, and the one may be enforced notwithstanding the other cannot be, and therefore need not be set out in the declaration.

We are of opinion that the declaration sets out a good cause of action, and that there is no material variation between the allegations and the proof, and that the judgment is correct and must be affirmed.